**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ANDRE WINGO, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-2394-N-BH |
| | ) | |
| KAUFMAN COUNTY, TX, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case was referred for screening.

**I. BACKGROUND**

Plaintiff filed this action under 42 U.S.C. § 1983 while detained in the Kaufman County jail. On December 17, 2009, the Court granted him permission to proceed *in forma pauperis* under the Prison Litigation Reform Act, which provides that prisoners may pay the filing fee in monthly installments. *See* 28 U.S.C. § 1915(b)(1). A few days later, Plaintiff submitted a change of address showing that he was no longer in jail. By order dated January 5, 2010, he was directed to pay the full filing fee within thirty days because § 1915(b)(1) only allows installment payments by prisoners. The order specifically warned that failure to timely pay the fee could result in the dismissal of this action under Fed. R. Civ. P. 41(b) without further notice. Plaintiff did not timely pay the filing fee.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*

*v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff has failed to comply with an order that he pay the filing fee.  This shows that he does not intend to proceed with this case, so the Court should dismiss it.

### III.  RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 9th day of February, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE